# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JAMES A. LAPHEN,

                Defendant.

4:14-CR-3133

ORDER

This matter is before the Court on the defendant's "Objection to Tentative Findings and Order Dated February 18, 2016" (filing 51). The defendant's objection is directed at the Court's tentative finding in this case

> that restitution is *not* impracticable, and the Court will take up the matter of restitution at sentencing. The government will be expected to present the evidence available to it which identifies the victims of the offense and establishes the amount of restitution to which those victims might be entitled. And the defendant shall be entitled to refute any such evidence at sentencing.

Filing 46 at 4. The defendant's objection will be overruled.

Before addressing the defendant's specific arguments, it will help to discuss some basic propositions. The Mandatory Victims Restitution Act (MVRA) provides that a sentencing court "shall order" a defendant convicted of "an offense against property under this title . . . including any offense committed by fraud or deceit" to pay restitution." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). In awarding restitution, the Court is generally assisted by the presentence report (PSR); pursuant to Fed. R. Crim. P. 32(c)(1)(B), "the probation officer must conduct an investigation and submit a report that contains sufficient information for the court to order restitution." The government must prove restitution is warranted by a preponderance of the evidence. 18 U.S.C. § 3664(e). For instance, the government may produce witness testimony at a hearing, or sworn victim statements outlining the losses which resulted from the crime. *United States v. Adejumo*, 777 F.3d 1017, 1020 (8th Cir. 2015); *United States v. Adetiloye*, 716 F.3d 1030, 1039 (8th Cir. 2013). But if the victims' losses are not ascertainable by 10 days

before sentencing, the Court is to set a date for the final determination of the victims' losses, up to 90 days after sentencing.[1]

In other words, "mandatory" means *mandatory*. And the Eighth Circuit has been very clear on that point: even when the government fails "to produce documentation with the required specificity and reliability," the Court must postpone the restitution proceedings to allow for the gathering and presentation of additional evidence. *Adetiloye*, 716 F.3d at 1040. The MVRA is intended to assure that victims of a crime receive full restitution. *See Dolan*, 560 U.S. at 612. It would defeat this basic purpose of the MVRA to permit "the overwhelming majority of the victims, who bear no responsibility for the government's failure to compile the necessary documentation, to go unremunerated." *Adetiloye*, 716 F.3d at 1040-41.

With those basic principles in mind, the Court turns to the defendant's specific arguments. First, the defendant complains that an order of restitution against the defendant would be improper under the Federal Rules of Criminal Procedure, because information regarding restitution was not included in the initial presentence report that was provided to the defendant at least 35 days before sentencing. Filing 51 at 7. This argument is clearly foreclosed by circuit precedent: the Court is, in fact, required to postpone restitution proceedings if sufficient information to support a mandatory restitution award has not been presented by the time of sentencing. *See id.*

The Court recognizes that before a judicial deprivation of property can take place, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Adejumo*, 777 F.3d at 1019. But the defendant has plainly been informed that the issue of restitution is pending, and will have an opportunity to present objections: both at the hearing on loss calculation and restitution set for Wednesday, March 23, in the related case of *U.S. v. Lundstrom*, no. 4:14-cr-3136, and in any subsequent proceedings that may be required. The defendant's due process complaint is at best premature, and his suggestion that due process has been denied by the lack of restitution information in the PSR is without merit.

Next, the defendant asserts that he has not received "formal notice" regarding the hearing to be held in the Lundstrom case. Filing 51 at 8. The gist of the defendant's complaint seems to be that " the Government has only provided evidence it intended to offer in Mr. Lundstrom's case and has failed

---

[1] Although the Court retains the power to award restitution even after that time, at least so long as the Court makes clear before the deadline expires that it intends to award restitution. *Dolan v. United States,* 560 U.S. 605, 608 (2010).

to notify Mr. Laphen as to the evidence the Government intends to present against Mr. Laphen at Mr. Laphen's sentencing— the only hearing currently scheduled in Mr. Laphen's case." Filing 51 at 8-9

It is not clear what the defendant is asking for. The defendant does not dispute that he is aware of the March 23 hearing and has been invited to participate. During the several teleconferences held regarding sentencing in this matter and the related cases of Lundstrom and Don A. Langford, no. 4:14-cr-3103, the Court confirmed counsel's availability for that hearing. And the law is clear that a sentencing court may rely upon facts generated at a co-conspirator's trial over which the sentencing judge presided. *See, United States v. Bonine*, 598 F. App'x 462, 464 (8th Cir. 2015); *Smith v. United States*, 206 F.3d 812, 813 (8th Cir. 2000). Due process simply requires that the defendant be given notice and an opportunity to rebut or explain the evidence to be used against him; that has been—and will be—provided to the defendant in this case. *Bonine*, 598 F. App'x at 464; *Smith*, 206 F.3d at 813. The defendant will receive due process here.

The defendant also asserts that the government "has failed to make a particularized showing" with respect to him. Filing 51 at 9. He complains generally about how the government has been inconsistent about whether it would seek restitution, and has not been clear about whether it will treat the defendant and Lundstrom differently for purposes of restitution. Filing 51 at 9. He also complains about not receiving discovery and concludes that without "a particularized showing" against him, the Court should conclude that a restitution award against him "would be impracticable under the circumstances and would be untimely pursuant to the Federal Rules of Criminal Procedure." Filing 51 at 10.

It is not clear to the Court how the purported lack of a "particularized showing" against him should lead the Court to reach those two conclusions. Nor is it clear to the Court how much of a "particularized" showing is required: Laphen, Lundstrom, and Langford participated in the same conspiracy, and for purposes of restitution, evidence relating to the *victims* is far more important than evidence about the defendants. Furthermore, all three men testified at Lundstrom's trial: to the extent that the Court needs evidence regarding their respective participation in the conspiracy, the *Lundstrom* trial evidence is available to the Court. *See, Bonine*, 598 F. App'x at 464; *Smith*, 206 F.3d at 813. Whether to award restitution will depend on evidence of the actual loss directly caused by the defendant's criminal conduct in the course of the scheme alleged in the indictment. *United States v. Chaika*, 695 F.3d 741, 748 (8th Cir. 2012). The Court will determine whether a "particularized" showing of such evidence has been made in this case.

Finally, the defendant contends that the government has failed to meet its burden of showing shareholder losses, in part because it has not accounted for amounts recovered in a civil judgment;[2] and that restitution should not be awarded to the FDIC because the government has not proved that the conspiracy caused the bank to fail. Filing 51 at 11-12. Presented in an objection to the Court's tentative sentencing findings, these complaints are premature: the government's evidence has not yet been fully submitted, and it is entitled to try and prove its case. The Court will overrule the defendant's objection, but will consider these arguments in determining what the evidence, when *fully submitted*, proves regarding restitution.

In sum: the defendant is entitled to notice and an opportunity to be heard on the evidence relating to restitution. The defendant was notified, and will have an opportunity to be heard, at the hearing on loss calculation and restitution set for 9:00 a.m. on March 23, 2016, in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska, in the matter of *U.S. v. Lundstrom*. The Court does not anticipate entering a restitution award at the defendant's sentencing on March 24; rather, the Court expects to enter whatever restitution award is warranted, pursuant to 18 U.S.C. § 3664(d)(5), after the defendant has had an opportunity to present the Court with whatever additional argument or evidence is appropriate.

That said, the defendant has identified no error of fact or law in the Court's tentative sentencing findings (filing 46). Accordingly, his objection to those tentative findings will be overruled.

IT IS ORDERED that the defendant's "Objection to Tentative Findings and Order Dated February 18, 2016" (filing 51) is overruled.

Dated this 22nd day of March, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[2] The Court notes that it is hardly unprecedented for a restitution award to coexist with a civil judgment. Generally, a civil judgment may be satisfied by amounts actually paid toward restitution for the same victim. *See SEC v. Palmisano*, 135 F.3d 860, 863-64 (2d Cir. 1998); *see also*, *Savitsky v. Mazzella*, 318 Fed. Appx. 131, 132-33 (3d Cir. 2009) (citing Fed. R. Civ. P. 60(b)(5)); *SEC v. Currency Trading Intern., Inc.*, 175 Fed. Appx. 934, 935-36 (9th Cir. 2006).